**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4879**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

MARLO BROWN,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:07-cr-00426-RDB-1)

Submitted:  April 30, 2012            Decided:  June 8, 2012

Before KING, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marlo Brown, Appellant Pro SE.  Benjamin M. Block, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlo Brown pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a) (2006). The district court sentenced Brown to 151 months of imprisonment, and we granted the Government's motion to dismiss his appeal as untimely. The district court subsequently granted in part Brown's 28 U.S.C.A. § 2255 (West Supp. 2011) motion, entering an amended judgment from which Brown now appeals. Finding no error, we affirm.

Brown first argues on appeal that the district court lacked jurisdiction over his prosecution. However, Brown pleaded guilty to a federal offense, and we have previously held that 21 U.S.C. § 841(a) is a constitutional exercise of Congressional authority. See United States v. Leshuk, 65 F.3d 1105, 1111-12 (4th Cir. 1995).

Brown next argues that the district court erred in finding that he was a career offender, contending that his two prior assault convictions do not qualify as crimes of violence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the

2

Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

Pursuant to the Guidelines, a defendant is classified as a career offender if he was eighteen years old when he committed the offense of conviction, the offense of conviction is a felony crime of violence or controlled substance offense, and he has sustained at least two prior convictions for crimes of violence or controlled substance offenses. U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2011). A crime of violence is defined in part as an offense punishable by a term exceeding one year of imprisonment that has as an element the use, attempted use, or threatened use of physical force against another. USSG § 4B1.2(a). A controlled substance offense is an offense punishable by a term exceeding one year of imprisonment that prohibits the distribution of a controlled substance. USSG § 4B1.2(b). Here, even if Brown's prior assault convictions did not qualify as crimes of violence, he had sustained two prior qualifying convictions for distribution of a controlled substance and robbery. Therefore, the district court did not err in determining that Brown was a career offender.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED